# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:10-CR-00285-LJO |
| Plaintiff, | FINAL ORDER ON REMAINING SENTENCING ISSUES |
| v. | |
| JOSEPH CUELLAR, PATRICK BOWMAN, AND RUDOLPH BUENDIA, III, | |
| Defendant. | |

Defendant Joseph Cuellar ("Cuellar") has already been sentenced, save and except for two issues: (1) a pending request for his 24-month prison term to be served in a location other than in prison; and (2) matters dealing with restitution. Likewise, while Defendants Patrick Bowman ("Bowman") and Rudolph Buendia, III ("Buendia") have been sentenced, restitution remains to be determined. For the reasons set forth below, the Court DENIES the housing request and orders restitution in favor of the 65 claimants, and against the three defendants, jointly and severally, in the net amount of $1,801,832.50 pursuant to the provisions of 18 USC 3553(d)(5).

## DEFENDANT CUELLAR'S HOUSING REQUEST

The request (see Document 157) that the Court make a recommendation to the Bureau of Prisons (BOP) that Defendant Cuellar be housed somewhere other than where they would place him in the ordinary course of their sole decision-making is DENIED. The BOP has it well within their discretion and duty to consider Mr. Cuellar's age and health in making housing decisions. No good cause exists to treat him in any way dissimilar from Defendants Bowman and Buendia at the Court sentencing level. Based on the seriousness of the facts, coupled with a desire by the Court not to indulge in an unjustified sentencing disparity between similarly situation defendants (i.e., Bowman and Buendia) (18 U.S.C. §

3553(a)(6)), the Court declines the invitation to make such a recommendation to the Bureau of Prisons. Mr. Cuellar's age itself is not enough to outweigh all of the other factors in aggravation, including but not limited to his clear and obvious level of involvement, and now his continuing statements of claimed innocence and naivety.

RESTITUTION AGAINST ALL DEFENDANTS

Hearings took place spanning three days, ending on January 12, 2015 on the issue of restitution. The following witnesses were sworn during the hearings:  Mariano Resendez, Angelo Gonzalez, Agent Craig Stutheit (twice), Laura Leone, and Defendant Cuellar (twice).  Supplemental documents were allowed submitted after the hearing, as were the Closing Arguments of counsel.

Up until Defendant Cuellar's filing of the "Sentencing Memorandum Regarding Restitution" (document 165), the claim that mandatory restitution does not apply had not been made.  The simple fact is that the Court needs to look no farther than the plea agreement wherein restitution was agreed to be paid (not the amount, but the process and obligation).

Defendant Buendia argues that the obligation only goes as far as how much the Defendant can afford to pay.  That is a more legitimate argument should a supervised release violation be alleged on the ground of non-payment.  Nothing before this Court exists that would justify a finding that ANY defendant's present ability to pay (good or bad) will remain stagnant in future months or years.

The Government's authority for the proposition that there is no exemption for community property is solid, pursuant to the holding and reasoning of *Lezine v Security Pacific Financial Services, Inc.*, 14 Cal. 4th 56, 63-64 (1996).  Defendant Cuellar was the only one arguing this position.

In determining the appropriate restitution amount, the Court has relied on all testimony, declarations, foundational and background submissions, medical opinions, sentencing memoranda, exhibits received into evidence, certifications and claims from victims and Grand Jury testimony provided during the multi-day hearing.  These items include not only the amount of restitution, but also the factual cause and effect matters that are necessary to determine the legal issue of causation.

The information and evidence provided, both direct and indirect, are substantive, substantial,

well-reasoned, and appropriate.  This applies not only to the amounts of restitution, but also to the identity of those entitled to it.

The Court finds  there were 65 victims, some primary and some secondary, who have returned certified claims.  Some have been collaterally identified on the dockets of the Merced School District (students and coaches), some in the logs of workers at the job site, some through Grand Jury testimony, and some by photo identification.  Clearly there are victims who exist, but who did not request restitution.

The Court finds that the cost for 50 years of medical testing required due to the unlawful exposure to asbestos for the 65 claiming victims totals $1,801,832.50.  The request to offset the discount rate by the assumed inflation rate for medical procedures is granted for the reasons stated in Document 100 (the declaration of Laura Leone dated March 17, 2014), and specifically Appendix 16 attached to her declaration.

The restitution in this case is ORDERED in favor of the 65 claimants, and against the three defendants, jointly and severally, in the net amount of $1,801,832.50 pursuant to the provisions of 18 USC 3553(d)(5).

IT IS SO ORDERED.

Dated:   __**February 23, 2015**__          ___**/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE